May 20, 2015

**BY ECF**

The Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Huxley Capital Corporation v. OAS S.A. et al.*, No. 1:15-cv-01637-GHW

Dear Judge Woods:

  On behalf of all parties, we write to update the Court on the status of OAS' bankruptcy proceedings, as directed by the Court's May 7, 2015, order (Dkt. 22). Yesterday, in the bankruptcy court, Judge Bernstein held an evidentiary hearing on OAS' request for recognition under chapter 15 of the United States Bankruptcy Code of OAS' bankruptcy proceedings that are pending in Brazil. *In re OAS S.A.*, et al., No. 15-10937 (Bankr. S.D.N.Y.).[1] Although the evidentiary portion of the hearing was concluded, closing arguments have not yet occurred. The Court directed the parties to submit proposed findings of fact and conclusions of law.[2] Judge Bernstein has not yet decided whether to hold closing arguments.

  Counsel for OAS is confident, based on the evidentiary record and Judge Bernstein's comments, that the Bankruptcy Court will grant recognition notwithstanding the delay occasioned by Judge Bernstein's desire to issue a written opinion. Plaintiff strongly disagrees with that baseless (and presumptuous) prediction, which, in any event, is wholly unresponsive to this Court's May 7 order.

  The TRO that the Bankruptcy Court had previously entered (which placed restrictions on attaching Defendants' assets but did not otherwise stay this lawsuit) expired yesterday at 5:00 pm per the agreement of the parties. At the end of the hearing, counsel for OAS requested that Judge Bernstein continue the stay, but Judge Bernstein, citing the parties' agreement, denied the request, without prejudice to OAS' right to file a new motion for a stay, which Judge Bernstein said would require a showing of irreparable harm. Counsel for OAS then advised the Court that, without the automatic stay resulting from recognition, Defendants may be required to participate in discovery in the instant *Huxley* suit. Judge Bernstein stated that he would issue his recognition ruling in due course, and that if the debtors wanted to seek a stay of discovery in *Huxley* pending a decision on recognition, they should do so from your Honor.

  Finally, Plaintiff wishes to note that, on May 18, 2015, OAS moved the Brazilian bankruptcy court to authorize Brookfield Infrastructure ("Brookfield") to provide an R $800

---

[1] Two of the defendants in the instant *Huxley* lawsuit—OAS S.A. and Construtora OAS S.A.—are debtors in the chapter 15 cases. The other three defendants in this lawsuit are not chapter 15 debtors.

[2] The parties need to consult the transcript of yesterday's hearing—which is not yet available—to determine whether Judge Bernstein ordered the proposed findings of fact and conclusions of law to be submitted within two weeks of yesterday's hearing or, alternatively, two weeks of the parties' receipt of the hearing transcript (once it becomes available).

million loan to OAS that is secured by the Invepar Shares (as defined in the Complaint, Dkt. 1). The Brazilian court has not yet acted on the request, which will be strenuously opposed by Aurelius (an affiliate of Huxley) and Alden, which collectively are the largest noteholders of OAS appearing in the company's Brazilian bankruptcy proceedings. Plaintiff's Complaint alleges that the transfer of the Invepar Shares on December 26, 2014, from Defendant OAS Investimentos S.A. to Defendant OAS Infraestrutura is a fraudulent conveyance. Plaintiff believes that the proposed loan from Brookfield—for which OAS has offered no valid justification, and whose purported need is flatly contradicted by OAS' own cash flow projections—is a scheme to further the fraudulent conveyance. Accordingly, Plaintiff reserves its right to challenge the loan as unlawful, whether by amending the Complaint or otherwise, and to name Brookfield as a defendant in this lawsuit.

Defendants respond on this point by noting that Plaintiff Huxley's threat of suing Brookfield for providing court-approved DIP financing in the Brazilian Bankruptcy proceeding is yet another example of Huxley's (and its affiliate, Aurelius') deliberate campaign to interfere with the efforts of the Debtors and creditors in the Brazilian Bankruptcy proceeding to reach a plan of reorganization for the OAS debtors, so as to advantage Huxley and Aurelius at the expense of those creditors. It also highlights the compelling need for this Court to stay or dismiss this action on comity grounds (among others), as will be set forth in our soon-to-be-filed motion to dismiss and motion for stay.

Respectfully submitted,

| /s/ Lawrence S. Robbins | /s/ Michael B. Carlinsky |
|---|---|
| Lawrence S. Robbins | Michael B. Carlinsky |
| ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 1801 K Street N.W., Suite 411 L | 51 Madison Avenue, 22nd Floor |
| Washington, DC 20006 | New York, NY 10010 |
| (202) 775-4500 | (212) 849-7000 |
| *On behalf of Plaintiff* | *On behalf of Defendants* |