quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S INTERNET ADDRESS
**michaelcarlinsky@quinnemanuel.com**

June 25, 2015

<u>VIA ECF</u>

Judge Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
(212) 805-0296
WoodsNYSDChambers@nysd.uscourts.gov

Re:    <u>Huxley Capital Corporation v. OAS S.A. *et al.*, Civil Action No. 15-cv-01637;
       Conference Request Regarding Discovery Timing Or Request for Extension of Time</u>

Dear Judge Woods:

We write respectfully on behalf of Defendants OAS S.A., Construtora OAS S.A., and OAS Investimentos S.A. to request a conference with the Court to address the timing of discovery in light of Plaintiff Aurelius's filing of an amended complaint this week.  As explained below, that amended complaint reveals that, at the time of Aurelius's initial complaint, it lacked standing to sue, and failed to plead subject matter jurisdiction.  For these reasons, and the additional reasons set forth below, we respectfully submit that Defendants' time to serve its responses to Aurelius's discovery should be revisited, along with the timing of Defendants' motions to dismiss and stay.

Aurelius hastily filed its Original Complaint on March 5, 2015, in an apparent rush to duplicate actions that it was already pursuing in Brazil and to end-run the then-anticipated Brazilian Bankruptcy Proceeding.  Aurelius's Original Complaint failed to allege facts satisfying the amount in controversy requirement for diversity jurisdiction, the amount of Notes Aurelius purportedly held, or the basis for Aurelius's standing to bring this action.  Based upon Aurelius's newly-filed Amended Complaint, it appears that Aurelius's omissions of these basic pleading requirements were deliberate, since Aurelius did not even have permission from the actual, record owners of the Notes to file the Original Complaint, until it obtained backdated authorizations after the complaint had been filed. (Dkt. No. 51, Exs. H & L)

After Aurelius filed its deficient Original Complaint, Aurelius served the document requests and interrogatories that are now at issue, and it immediately sought expedited discovery. (Dkt. No. 15 at 4.)

On May 7, 2015, Your Honor denied Aurelius's request for expedited discovery and denied Defendants' letter request to stay discovery, without prejudice. (Dkt. No. 22.) Your Honor instructed Defendants to submit a formal motion to stay discovery concurrent with their putative motion to dismiss. Conference Tr., May 7, 2015, 28:23-29:4, 32:14-21. Your Honor advised that the Court would likely want to review the motion to dismiss and Aurelius's opposition to that motion in evaluating the stay motion.

On June 1, 2015, Defendants filed a motion to dismiss and a concurrent motion to stay discovery. The motions raised Aurelius's jurisdictional and standing deficiencies, as well as the pending Chapter 15 bankruptcy petitions. The most significant basis for seeking dismissal, however, is because of international comity concerns in light of the pending and comprehensive Brazilian bankruptcy proceedings.

During a telephone conference that same day, Your Honor granted Defendants' request for a 30-day extension of time to respond to Aurelius's document requests and interrogatories. (Dkt. No. 35.)

Aurelius filed an opposition to Defendants' motion to stay discovery on June 10, 2015, denying there was anything wrong with the Original Complaint and without disclosing that Aurelius intended to amend it. Defendants filed a reply in support of their motion to stay discovery on June 15, 2015.

On June 22, Aurelius, rather than filing an opposition to the motion to dismiss, as had been expected, instead filed an amended complaint. (Dkt. Nos. 36, 51.) While Defendants recognize that Your Honor's rules permit such an amendment, Aurelius had previously given no indication that it intended to do so, and, accordingly, Defendants were proceeding on the assumption that the Court would have a chance to evaluate the strength of Defendants' dismissal motion in deciding the fully-submitted stay motion, as had been contemplated at the May 7 conference. Defendants intend to move to dismiss the amended complaint (and have until July 13, 2015 to do so but intend to do so much sooner), and Aurelius's opposition will be due 14 days thereafter. (Dkt. No. 36.)

While Defendants are still analyzing the new issues raised by Aurelius's Amended Compliant, several points are clearly demonstrated by the amendment. First, it appears clear that Aurelius lacked authority to file the Original Complaint when it did so, thus also calling into serious doubt the propriety of any discovery requests served while that complaint was extant.

Second, the Amended Complaint shows that while Aurelius has been portraying itself as a "victim" in need of immediate protection, it in fact has been aggressively buying at deep discounts every claim that it can against the Defendants – increasing its purported note holdings from $30 million to $140 million today – a 467% increase. (Dkt. No. 51 at ¶ 33.) Moreover, the Amended Complaint makes abundantly clear that Aurelius is seeking to use this Court to end-run the judicial process in Brazil. (Dkt. No. 51 at ¶¶ 65-66) Thus, although Aurelius has amended its complaint, it has not found a way around Defendants' primary arguments for dismissal, nor can it. The amendments to Aurelius's complaint do not change Defendants' arguments for dismissal based on comity,

Aurelius's lack of standing due to the Notes' no-action clause, lack of personal jurisdiction over certain defendants, or the extraterritorial application of the New York Debtor-Creditor law. (See Dkt. No. 52, showing a redline of Aurelius's amendments.)

Defendants submit that discovery should not proceed at the present time and the overall schedule be revisited, in light of (1) Defendants' fully-briefed motion to stay discovery; (2) the pending decision in Defendants' parallel chapter 15 case, which is expected shortly and will stay this case; (3) Defendants' ongoing, extensive efforts to restructure in Brazil, including negotiations with Aurelius (among many other creditors) regarding Defendants' recently-filed restructuring plan; and (4) the lack of cognizable prejudice that Aurelius would suffer by a short extension of the pending discovery deadlines (lack of prejudice that is demonstrated by Aurelius's ongoing aggressive Note buying spree).

Closing arguments in Defendants' parallel chapter 15 recognition case before Judge Bernstein were held on June 15, 2015. Defendants believe that a decision is imminent in that case, and a decision in Defendants' favor (as Defendants believe is likely) would stay this case.[1] Thus, Aurelius's discovery requests will likely be stayed automatically in the near future.

The proceedings in Brazil also militate in favor of a further extension of time to respond to Aurelius's discovery requests. On June 19, 2015, Defendants submitted a restructuring plan in the Brazilian Bankruptcy Proceedings. Defendants are now fully devoted to negotiating this plan with creditors, in preparation for an upcoming creditors' vote. Aurelius is involved in these negotiations. Responding to Aurelius's discovery requests here would thus impose a large burden on Defendants, especially when Defendants are working hard to ensure fair treatment of all creditors – not just Aurelius – in the collective bankruptcy proceeding in Brazil.

Finally, Aurelius will suffer no cognizable prejudice by a short delay of discovery, as discussed further in Defendants' papers on their motion to stay discovery. Indeed, Aurelius' complaints of prejudice and unfair treatment are implausible given that it has increased its Note holdings by more 467% since the time it filed its Original Complaint. Further, Defendants' assets are under the supervision of the Brazilian bankruptcy court, which protects Aurelius's interests, and there is no ongoing fraud or risk that evidence might be destroyed.

For the reasons stated above, Defendants respectfully request a conference regarding the timing of discovery and Defendants' motion to stay, or in the alternative, an extension of time to respond to Aurelius's discovery requests.[2] We are available at the Court's earliest convenience for an in-person or telephonic conference.

---

[1] Although Judge Bernstein did not provide specific guidance regarding when he will render a decision, he did confirm that "the decision is sub[ ]judice." Tr., June 15, 2015, 108:5-109:1.

[2] Plaintiff denied Defendants' request for an extension.

Respectfully submitted,
*/s/ Michael Carlinsky*
Michael Carlinsky
*On behalf of OAS S.A., Construtora OAS S.A., and OAS Investimentos S.A.*